**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Harley David Crosby, | ) | Civil Action No. 2:15-1455-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Public | ) | |
| Safety, South Carolina Highway Patrol, *and* ) | | |
| James C. Filyaw, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending Defendants' motion for summary judgment be granted as to Plaintiff's federal cause of action and that the case should then be remanded back to state court for disposition of Plaintiff's state law claims. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I.    Background

On November 24, 2012, Plaintiff and another individual were involved in a traffic accident. The responding officer, Trooper Towns of the South Carolina Highway Patrol, found neither driver at fault. Plaintiff, for unsubstantiated reasons, believes Trooper Towns and the other driver knew each other and that Trooper Towns was unwilling to find the other driver at fault for that reason. Plaintiff testified that he went to Troop 6 headquarters of the South Carolina Highway Patrol multiple times to complain about Trooper Towns. On February 21, 2013, Plaintiff again went to Troop 6 headquarters to meet with Defendant Captain James C. Filyaw about the accident. That meeting became confrontational, as described in detail in the Report and Recommendation (Dkt.

No. 65 at 3–5). Plaintiff alleges that as he was being escorted from the building, he was shoved or struck in a stairwell.

Plaintiff, represented by Jay S. Masty, filed the present action on February 12, 2015 in the Berkeley County Court of Common Pleas. He alleges many state law causes of action, including assault, battery, negligence, and outrage, and violations of his rights under the Fourth Amendment. (Dkt. No. 1-1.) On March 7, 2016, counsel moved to withdraw, and on March 22, 2016, Plaintiff consented to his counsel's withdrawal. With his consent, he filed 22 pages of confidential attorney-client communications about litigation strategy, consisting of lengthy, angry letters from Plaintiff and highly professional responses from Mr. Masty. (Dkt. No. 19.) The Court granted a thirty-day stay for Plaintiff to retain new counsel, and then granted a second thirty-day stay, but, unsurprisingly, Plaintiff was unable to find new counsel.

Defendants moved for summary judgment on November 18, 2016. Plaintiff responded with a motion for a sixty-day stay to accommodate a requested FBI investigation, with his 41-page "Brief to FBI" attached. After the Court denied his motion for a stay, Plaintiff responded in opposition to the motion for summary judgment with a 145-page filing. On January 11, 2017, the Magistrate Judge recommended granting Defendants' motion for summary judgment as to Plaintiff's federal claim and remand of the remaining state law claims to state court. Plaintiff filed objections to the Report and Recommendation totaling 108 pages with exhibits. Plaintiff's objections focus on personal attacks on the Magistrate Judge and are not responsive to the legal issues discussed in the Report and Recommendation.

## II.    Legal Standard

### A.    Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

**B.     Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

Plaintiff's only federal claim is that Captain Filyaw[1] violated his "constitutional rights in violation of the Fourth Amendment of the United States Constitution by wrongfully using excessive and unnecessary force" against him. (Dkt. No. 1-1 ¶ 33 (Plaintiff's Fourth Cause of Action).) "The Fourth Amendment covers only 'searches and seizures.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). To establish a Fourth Amendment excessive force claim, Plaintiff must have evidence that a "search" or "seizure" occurred. As the Magistrate Judge noted, Plaintiff has no evidence of a seizure. A seizure of a person occurs when "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Slocumb*, 804 F.3d 677, 681 (4th Cir 2015). Here, Plaintiff was being expelled from the premises—he was not free to stay but was certainly free to leave.

Because there was no search or seizure, the Fourth Amendment is inapplicable. That is not to say that police violence may give rise to a constitutional claim only where there is a search or seizure. "'[O]utside the context of a seizure, . . . a person injured as a result of police misconduct

---

[1] Plaintiff's identical claims against two state agencies, the South Carolina Department of Public Safety and the South Carolina Highway Patrol, are barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

may prosecute a substantive due process claim under section 1983.'" *Id.* at 844 (quoting *Evans v. Avery*, 100 F.3d 1033, 1036 (1st Cir. 1996)). Plaintiff, however, pleads no substantive due process claim. He only pleads a Fourth Amendment claim. Certainly, *pro se* complaints are construed liberally, and identification of the wrong constitutional amendment as the basis for an excessive force claim under § 1983 would be too technical a fault to warrant dismissal of a *pro se* claim. The complaint in this action, however, is not entitled to the liberal construction afforded *pro se* pleadings because it was drafted by, signed by, and filed by a lawyer representing Plaintiff. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a pro se complaint "must be held to less stringent standards than formal pleadings *drafted by lawyers*" (internal quotation marks omitted and emphasis added)). Defendant released his attorney over a year after his attorney commenced this action. A litigant cannot obtain liberal construction of his professionally drafted complaint simply by firing his lawyer after a year of litigation.

There is, therefore, no genuine dispute that Defendants are entitled to judgment as a matter of law regarding the only federal claim actually pleaded in the complaint. Defendant's remaining claims are state law claims. When the federal claims presented in a case originally filed in state court are dismissed before trial, any remaining state law claims generally should be remanded back to state court for resolution. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("Put simply, the Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). The Court therefore agrees with the Magistrate Judge that his case should be remanded to state court.

IV.  **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 65) as the Order of the Court and **GRANTS IN PART** Defendant's motion for summary judgment.

-6-

Plaintiff's Fourth Cause of Action is **DISMISSED** as to all Defendants.  The Court **REMANDS**

this action to the Berkeley County Court of Common Pleas.

    **AND IT IS SO ORDERED.**

                Richard Mark Gergel
                United States District Court Judge

January 30, 2017
Charleston, South Carolina